IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-30115
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GEORGE J. LEE, also known as
Jamal Lewis,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 00-CR-196-2
--------------------
October 7, 2002

Before JOLLY, JONES and PARKER, Circuit Judges.

PER CURIAM:[*]

George J. Lee appeals his guilty-plea conviction of conspiracy to possess with intent to distribute cocaine base and using and carrying a firearm in connection with a drug-trafficking offense. Lee argues that at the guilty-plea colloquy the district court told him that he was pleading guilty to a conspiracy involving 50 grams of crack cocaine, but, in fact, he

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

was pleading guilty to a conspiracy involving 50 or more grams of crack cocaine.

Because Lee did not re-urge his motion to withdraw his plea once the district court denied it without prejudice to re-urge it after the completion of his psychiatric evaluation, he forfeited his right to seek withdrawal, resulting in plain error review on appeal.  See FED. R. CRIM. P. 32(e); United States v. Palomo, 998 F.2d 253, 256 (5th Cir. 1993).

Contrary to Lee's assertion, the district court informed Lee that he was charged with conspiring to possess with intent to distribute more than fifty grams of crack cocaine.  Lee does not explain how the district court's later mistaken statement that he was charged with 50 grams negated the district court's prior accurate explanation of the charge.  Moreover, whether he had been charged with 50 grams, or 50 or more grams, of cocaine base, the mandatory minimum or maximum terms of imprisonment would not have changed.  See 21 U.S.C. § 841(b)(1)(A)(iii).  Lee has not demonstrated any plain error, i.e., clear or obvious error that affects his substantial rights, regarding his guilty plea.  See United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994)(en banc).

Lee also argues that the 624 grams of cocaine base seized from his co-defendant's relative's house should not have been attributed to Lee as relevant conduct.  We review for clear error the district court's determination of the quantity of drugs for

sentencing purposes.  See United States v. Torres, 114 F.3d 520, 527 (5th Cir. 1997).

Lee is responsible for all quantities of cocaine with which he was directly involved and all reasonably foreseeable drug amounts attributable to his co-defendants.  U.S.S.G. § 1B1.3(a)(1)(B).  According to the presentence report (PSR), Lee told officers that his co-defendant, Elton Lee, had secreted a large quantity of crack cocaine at another co-defendant's relative's house for "safe keeping."  The district court adopted the PSR and explicitly found that the relevant conduct as stated in the PSR was accurate.  Lee failed to present relevant evidence to rebut the PSR's drug-quantity calculations, and the district court was free to adopt the findings of the PSR without further inquiry.  See United States v. Huerta, 182 F.3d 361, 364 (5th Cir. 1999).  The judgment of the district court is AFFIRMED.